E-FILED
Wednesday, 23 September, 2026 11:48:52 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **PNC BANK NATIONAL ASSOCIATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JACOBS CONCRETE AND EXCAVATING LLC and BRUCE JACOBS,**<br><br>**Defendants.** | **Case No. 25-2216** |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion for Civil Contempt & Writ of Body Attachment (#22) filed by Plaintiff PNC Bank, National Association ("Plaintiff"). Plaintiff asks the Court to find Defendants in civil contempt and to issue a Writ of Body Attachment to Bruce Jacobs, as agent of Jacobs Concrete, which would result in the arrest of Bruce Jacobs until Jacobs Concrete complies with the Court's prior orders. Defendants Jacobs Concrete and Excavating ("Jacobs Concrete") and Bruce Jacobs did not file a response. Pursuant to Local Rule 7.1(B), the Court presumes that Defendants do not oppose Plaintiff's Motion, and the Court will rule without further notice.

On July 23, 2025, Plaintiff filed a Complaint (#1) for breach of contract, replevin, and detinue against Jacobs Concrete and for breach of guaranty against Bruce Jacobs. Plaintiff alleged that Plaintiff and Jacobs Concrete entered into a Loan and Security Agreement, in which Plaintiff financed Jacobs Concrete's acquisition of one Bobcat T76 Compact Track Loader (the "Collateral"). In addition, Plaintiff alleged that Bruce Jacobs executed a Personal Guaranty for the full and prompt payment and performance of Jacobs Concrete's obligations to Plaintiff. Plaintiff alleged Jacobs Concrete defaulted

under the Agreement and Bruce Jacobs defaulted under the Guaranty by failing and refusing to make payment when due.

On December 12, 2025, the District Court entered default judgment in favor of Plaintiff and against Jacobs Concrete and Bruce Jacobs on all counts. (*See* #15, Order). The District Court ordered Jacobs Concrete to surrender the Collateral to Plaintiff at a place and time directed by Plaintiff within 14 days of the entry of the Order.

On January 29, 2026, Plaintiff served a copy of the District Court's Order on Jacobs Concrete by leaving a copy with Bruce Jacobs at 611 Sherwood Dr, St. Joseph, IL 61873. To date, Jacobs Concrete has not returned the Collateral to Plaintiff.

On April 10, 2026, the Court found that Jacobs Concrete failed to comply with the District Court's Order by failing to surrender the Collateral. The Court directed Jacobs Concrete to show cause as to why it should not be held in civil contempt for failing to comply with the District Court's Order commanding the Collateral's return to Plaintiff. Jacobs Concrete was directed to show cause within 14 days of the entry of this Order. The Court cautioned that failure to respond would result in this Court holding Jacobs Concrete in contempt and that penalties would be assessed. (*See* #20, April Order to Show Cause).

Plaintiff served the April Order to Show Cause on Bruce Jacobs and Jacobs Concrete by United States Postal Service Certified Mail. To date, Jacobs Concrete has not responded to this Court's April Order to Show Cause. Further, Plaintiff's counsel's efforts to communicate with Defendants regarding the Court's April Order to Show Cause and the present Motion have been unsuccessful to date.

Accordingly, on August 26, the Court entered a second Order to Show Cause (#24) directing Bruce Jacobs to show cause as to why Plaintiff's Motion for Civil Contempt & Writ of Body Attachment should not be granted. The Court warned that failure to respond would result in the Court recommending that the District Court grant Plaintiff's Motion, find Defendants in civil contempt, and issue a Writ of Body Attachment to Bruce Jacobs, as agent of Jacobs Concrete. The Court further warned that this would result in the arrest of Bruce Jacobs until Jacobs Concrete complies with the Court's prior orders.

To date, Jacobs Concrete and Bruce Jacobs have not responded to this Court's Orders to Show Cause.

Contempt may be either civil or criminal. Civil contempt is designed to compel an action and compensate the parties for losses resulting from non-compliance. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). Criminal contempt, in contrast, is designed to punish prior disobedience. *Gompers v. Buck's Stove and Range Co.*, 221 U.S. 418, 450 (1911). Parties can potentially be held in both civil and criminal contempt. *Grove Fresh Distributors, Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1449 (N.D. Ill. 1995) (finding defendant in criminal and civil contempt for failing to appear before district court).

For now, this case is one of civil contempt. Civil contempt is authorized by 28 U.S.C. § 1826(a). Generally, "[a] district court has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions. Its determinations will not be disturbed absent a clear showing of abuse of discretion or if clearly erroneous." *Cannon v. Loyola University of Chicago*, 676 F. Supp. 823, 828 (N.D. Ill. 1987) (internal citations omitted).

The remedy may include imprisonment. 28 U.S.C. § 1826(a) states that "[w]henever a witness in any proceeding before or ancillary to any court ... refuses without just cause shown to comply with an order of the court to testify ... the court ... may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony...." The period of the confinement is limited to the lesser of eighteen months, or the life of the court proceeding. *Id.*

A finding of civil contempt requires: "(1) that the court entered a lawful order of reasonable specificity; (2) the order was violated." *Grove Fresh*, 888 F. Supp. at 1436 (*quoting In re Betts*, 927 F.2d 983, 986 (7th Cir. 1991)). The specificity of an order is a "question of fact to be resolved with reference to the context in which the order is entered and the audience to which it is addressed." *Grove Fresh*, 888 F. Supp. at 1436. To avoid contempt, the defendant may come forward with evidence to establish his inability to

comply or simply comply with the court order. The elements of civil contempt must be established by clear and convincing evidence. *Id.* at 1436.

Here, three lawful orders of reasonable specificity have been entered. First, the District Court entered an Order granting default judgment against Defendants on all counts and ordered Jacobs Concrete to surrender the Collateral within 14 days of the entry of the Order. Second, this Court entered the April Order to Show Cause directing Jacobs Concrete to show cause as to why it should not be held in civil contempt for failing to comply with the District Court's Order. The Court cautioned that failure to respond would result in holding Jacobs Concrete in contempt and that penalties would be assessed. Third, the Court entered the August Order to Show Cause directing Bruce Jacobs to respond and warning that failure to respond will result in the Court recommending that the District Court grant Plaintiff's Motion, find Defendants in civil contempt, and issue a Writ of Body Attachment to Bruce Jacobs, as agent of Jacobs Concrete.

Jacobs Concrete and Bruce Jacobs violated the District Court's Order and Orders to Show Cause by failing to assemble and return the Collateral, despite service of the Order by personal service on Bruce Jacobs and service of the Orders to Show Cause by United States Postal Service Certified Mail. Jacobs Concrete and Bruce Jacobs have not presented any valid excuse for their non-compliance. To date, Jacobs Concrete and Bruce Jacobs have not returned the Collateral, responded to Plaintiff's efforts to contact them, or responded to this Court's Orders to Show Cause.

Accordingly, the Court recommends:

1) That Plaintiff's Motion for Civil Contempt & Writ of Body Attachment (#22) be GRANTED;

2) That the District Court find Defendants Jacobs Concrete and Bruce Jacobs, as agent of Jacobs Concrete, in civil contempt for violation of the District Court's Order and Orders to Show Cause; and

3) That the District Court issue a Writ of Body Attachment to Bruce Jacobs, as agent of Jacobs Concrete.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 23rd day of September, 2026.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE